IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROBERT L. BANARGENT #1337759 § | |
| § | |
| V. § | A-10-CA-358-SS |
| § | |
| TEXAS COURT OF CRIMINAL § | |
| APPEALS and THE 240TH JUDICIAL § | |
| DISTRICT COURT OF FORT BEND § | |
| COUNTY[1] § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint (Document No. 1); Motion for Appointment of Counsel (Document No. 5); and "Order to Cause for a Mandatory Automatic Injunction A Temporary Restraining Order" (Document No. 8). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

---

[1] Plaintiff's complaint did not contain a style, naming the defendants in this action. Rather, Plaintiff named the Texas Court of Criminal Appeals and the 240th Judicial District Court of Fort Bend County as respondents in his summons.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff sues the Texas Court of Criminal Appeals and the 240th Judicial District Court of Fort Bend County and cites to various provisions of state law. Although Plaintiff's complaint is not clear, he appears to complain of the handling of his state application for habeas corpus relief.

## DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent [dismissal]." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

B. <u>Entities Not Capable of Being Sued</u>

The 240th Judicial District Court of Fort Bend County is not a legal entity capable of being sued. <u>Guidry v. Jefferson County Detention Center</u>, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action); <u>Smithback v. Texas</u>, No. 3:07-CV-0288-M, 2007 WL 1518971 at, *13 (N.D. Tex. 2007) (concluding the 265th Judicial District Court is a non-jural entity that is not subject to suit). Therefore, Plaintiff's claims against the 240th Judicial District Court of Fort Bend County should be dismissed.

C. <u>Eleventh Amendment Immunity</u>

The Texas Court of Criminal Appeals is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083,1087 (5th Cir. 1994).

D. <u>Failure to State a Claim</u>

Even if Plaintiff had named appropriate individuals as defendants, his allegations are insufficient to state a constitutional violation. Plaintiff's allegations are vague and conclusory. Plaintiff simply has not alleged sufficient facts in any of his pleadings that would give rise to a

plausible claim against any defendant. Plaintiff is not permitted to relitigate his habeas claims in this court.

  E.  <u>Supplemental Jurisdiction</u>

Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy. However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Because the dismissal of Plaintiff's federal claims is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any.

RECOMMENDATION

It is therefore recommended that Plaintiff's federal law claims be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e), the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, if any, and Plaintiff's remaining pending motions be dismissed as moot.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of June, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE